IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WALLY MARSHALL** § <br> **d/b/a MR. CRAPPIE**, § <br> § <br> Plaintiff, § <br> § Civil Action No. **3:08-CV-1921-L** <br> v. § Consolidated with C.A. 3:09-CV-0233-L <br> § <br> **LAWRENCE A. FULTON**, § <br> § <br> Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Failing to State a Cause and Alternatively for Change of Venue, filed December 4, 2008; (2) Defendant's Supplemental Motion to Dismiss for Lack of Personal Jurisdiction and for Failing to State a Cause and Alternatively for Change of Venue, filed February 17, 2009; and (3) Motion to Strike Supplemental Motion to Dismiss or, in the alternative, Response to Supplemental Motion, filed March 2, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **denies** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Failing to State a Cause and Alternatively for Change of Venue; **denies** Defendant's Supplemental Motion to Dismiss for Lack of Personal Jurisdiction and for Failing to State a Cause and Alternatively for Change of Venue; and **denies** Motion to Strike Supplemental Motion to Dismiss.

**I.     Procedural and Factual Background**

Plaintiff Wally Marshall d/b/a Mr. Crappie ("Plaintiff" or "Marshall") filed his Original Complaint and Application for Preliminary Injunction and Permanent Injunction against Defendant Lawrence A. Fulton ("Defendant" or "Fulton") on October 28, 2008. He amended his complaint

**Memorandum Opinion and Order – Page 1**

on October 31, 2008, and on January 19, 2009. In the live complaint, Plaintiff's Second Amended Complaint (hereinafter, "Complaint"), Marshall asserts the following claims against Fulton: false designation of origin, declaratory judgment, federal trademark infringement, common law trademark infringement, common law unfair competition, violation of section 16.29 of the Texas Business and Commerce Code, defamation (including libel, slander, and injurious falsehood), and interference with business and contractual relations.

On November 12, 2008, Defendant Fulton filed a civil action against Plaintiff in the District Court in and for Cherokee County, Oklahoma. Fulton asserted the following claims against Marshall: trademark infringement, deceptive trade practices, common law trademark and trade name infringement, and common law unfair competition. Marshall removed that action to the United States District Court for the Eastern District of Oklahoma on December 23, 2008. The case was transferred to this court on February 3, 2009, and the court consolidated the two actions on May 13, 2009.

Now pending are Marshall's motions to dismiss Fulton's claims against him. He moves to dismiss pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure. Because these motions relate only to Marshall's claims against Fulton, the court sets forth the facts as alleged by Plaintiff.

Plaintiff is a professional fisherman who developed a line of products for "crappie anglers" based upon the trademark "Mr. Crappie" (the "Trademark"). In 1998, Plaintiff filed an application with the United States Patent and Trademark Office for the Trademark, which was accepted and registered in 1999. Plaintiff sells the products with the Trademark through stores and distributors including Bass Pro Shops, Academy Sports, Cabela's, and Gander Mountain.

**Memorandum Opinion and Order – Page 2**

Plaintiff claims ownership of the Trademark under federal law. According to him, Defendant has operated his business in Oklahoma under the name "Mr. Crappie," has illegally used the federal trademark registration symbol for his goods, and has attempted to interfere with Plaintiff's business in Texas and other states by writing letters to major stores and distributors that sell his products. Plaintiff alleges that on or about February 25, 2008, Defendant wrote to him demanding royalties and threatening to send a letter to Plaintiff's stores and distributors if he failed to pay; Plaintiff refused. Thereafter, he alleges that Defendant sent letters to numerous stores and distributors, asserting that Plaintiff's use of the Trademark is unauthorized, that Defendant holds rights to the Trademark, that the law supports him, and that Plaintiff's use of the Trademark is an infringement upon Defendant's own trademark rights.

## II.      Legal Standards

### A.      Rule 12(b)(2) - Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's

complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be

subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

### B.     Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

**Memorandum Opinion and Order – Page 6**

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.    Analysis**

    **A.    Motion to Strike Supplemental Motion to Dismiss**

Before reaching the merits of the motions to dismiss filed by Defendant, the court considers Plaintiff's motion to strike Defendant's Supplemental Motion to Dismiss for Lack of Personal Jurisdiction and for Failing to State a Cause and Alternatively for Change of Venue. Defendant filed his first motion to dismiss on December 4, 2008. Plaintiff responded, and Defendant replied. Plaintiff thereafter sought leave to file a surreply to address new arguments made in Defendant's reply; the court denied the motion and stated that it would not consider new arguments or evidence raised for the first time in reply.

Plaintiff also sought leave to file an amended complaint; the court granted leave, and the Complaint was filed on January 19, 2009. Defendant filed a "supplemental" motion on February 17, 2009. In response, Plaintiff moved to strike the motion and also filed, in the alternative, a response to the supplemental motion.

Plaintiff argues that the court should strike the supplemental motion because it was filed without leave and is an attempt to add additional evidence and arguments to the motion to dismiss. The court determines that Defendant was entitled to file a second motion to dismiss to address the new claims asserted in Plaintiff's amended complaint. If Defendant has made procedural mistakes, the court will not penalize him for them because he is proceeding *pro se* and because Plaintiff has had an opportunity to respond to the second motion to dismiss. To the extent that Defendant raises improper argument or evidence as part of his supplemental motion, the court will not consider them in making its decision. Accordingly, the court **denies** Motion to Strike Supplemental Motion to Dismiss and considers the arguments made by Plaintiff in his response to the supplemental motion.

### B.     Motions to Dismiss

Defendant moves to dismiss, arguing that this court lacks personal jurisdiction over him and that the Complaint fails to state a claim upon which relief can be granted. In the alternative, he moves to transfer the case to the United States District Court for the Eastern District of Oklahoma. Plaintiff contends that this court has personal jurisdiction over Defendant, that his Complaint is sufficient, and that transfer to Oklahoma is inappropriate.

#### 1.     Personal Jurisdiction

Fulton contends that he lacks minimum contacts with Texas and that due process concerns should prevent him from defending this action in this court. Defendant has filed an affidavit with his motion, and he states that he is a resident of Oklahoma who runs his business, Mr. Crappie Bait and Tackle, in Cherokee County, Oklahoma. He further states that he registered his business in Oklahoma on February 26, 1996, that his business is a "walk-in" business that does not have any connection to the state of Texas, and that all sales are conducted in Fort Gibson, Oklahoma. He

states that he is not a resident of Texas and has never conducted business in Texas for the purpose of selling "Mr. Crappie" products. He argues that forcing him to defend this action offends due process because he does not have sufficient minimum contacts with the forum.

In his supplemental motion, Defendant also makes several other statements regarding the history of his company, the origin of his company's logo, and his interaction with the Bass Pro shops. While these statements are included in his brief, there is no accompanying affidavit supporting these facts.

In response to Defendant's motion, Plaintiff states that he argues only that the court has specific personal jurisdiction over Fulton, not general jurisdiction. Marshall contends that specific jurisdiction over Fulton is proper because he has committed tortious acts in Texas by making false statements in letters mailed to Texas and by intending to harm him in Texas. Plaintiff argues that this lawsuit is not about the sale of infringing products in Texas, but is about Fulton's wrongful acts in interfering with his business in Texas.

The court has reviewed Plaintiff's allegations, the parties' affidavits, the arguments, and the relevant law. It is clear that in this circuit, tortious activity aimed at the forum can be sufficient for a finding of minimum contacts:

> When a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses. . . . Even an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident's conduct.

*Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999) (internal citations omitted). Plaintiff has alleged that Defendant has "embarked on a campaign designed to prevent Marshall from using the 'Mr. Crappie' trademark, while attempting to seriously damage Marshall in his business, particularly in Texas, where Marshall is based." Compl. ¶ 9. Marshall contends that Fulton sent letters to stores and distributors, including some that are located in Texas, asserting that he owns the "Mr. Crappie" Trademark and demanding that they cease and desist use of the Trademark. Not only does Plaintiff allege that Defendant sent such letters, Fulton admits to sending them in his briefing.

The court determines that Plaintiff has alleged that Defendant engaged in tortious activity aimed at this forum by sending letters to stores and distributors regarding him and the use of the "Mr. Crappie" Trademark. The court finds that this contact with the state of Texas is sufficient to justify the exercise of specific jurisdiction over him.

The court must therefore consider whether the exercise of personal jurisdiction over Fulton offends traditional notions of fair play and substantial justice. Defendant argues that due process has not been satisfied because Plaintiff cannot show that he had minimum contacts with the forum. As the court has determined that Plaintiff has sufficiently alleged that Defendant aimed tortious activity at the forum, it determines that due process is not offended by the exercise of personal jurisdiction over Fulton for these claims.

### 2. Failure to State a Claim

Fulton also moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and contends that the Trademark is owned by a Texas corporation and not by Plaintiff. Marshall responds that he has alleged that he owns the Trademark and that the court must

**Memorandum Opinion and Order – Page 10**

take all allegations in the Complaint as true. He further responds that not all of the claims rely upon ownership of the Trademark. Fulton argues that certain modifications of trademark applications have been found to constitute fraud.

The court determines that Fulton's argument is without merit; pursuant to the standard set forth for Rule 12(b)(6), the court must take all allegations as true. Marshall contends that he owns the Trademark. This is sufficient at this stage of the lawsuit. Moreover, Marshall has also brought claims that do not rely upon his ownership of the Trademark. Accordingly, the court determines that he has stated claims upon which relief can be granted.

### 3. Transfer Pursuant to 28 U.S.C. § 1404(a)

Finally, the court considers Defendant's request to transfer this case to the United States District Court for the Eastern District of Oklahoma pursuant to section 1404(a). Fulton contends that the factors the court should consider weigh in favor of transfer. Marshall opposes transfer, and argues that the wrongful conduct occurred in this judicial district.

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is]

**Memorandum Opinion and Order – Page 11**

> given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667 (S.D. Tex.1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. The court determines that this action could have been originally filed in Oklahoma and now considers the eight factors to determine whether it should be transferred to that division.

The court finds that the private interests largely weigh in favor of this judicial district. Although Defendant contends this case concerns his use of the Trademark, the court believes that

**Memorandum Opinion and Order – Page 12**

Plaintiff's claims arise mostly from Fulton's alleged interference with Marshall's business. Thus, the letters sent to stores and distributors in Dallas and the effect of these letters on Plaintiff in Dallas are the key facts. Thus, proof, the availability of process, the cost of attendance, and other practical problems relating to litigation are factors that weigh in favor of keeping this case in this court. While Defendant may have some witnesses in Oklahoma, Plaintiff must prove that Defendant interfered with his business here; the history and running of Fulton's business in Oklahoma is not relevant to resolving these claims.

The public factors are largely neutral. There is no evidence that the Oklahoma court is less congested than this court. This court is familiar with the law governing Plaintiff's claims, which arise under federal and Texas law, and it is able to apply foreign law if necessary. The second public factor, the local interest, weighs in favor of this forum because Defendant aimed tortious activity at this forum.

Finally, although Defendant filed his own lawsuit in Oklahoma, that case was removed to federal court and then transferred to this court, which consolidated the two actions. Plaintiff chose to file his claims in this court, and Defendant's tortious activity aimed at this forum makes Fulton amenable to personal jurisdiction here. Accordingly, the court determines that there is no reason to transfer this case to Oklahoma pursuant to 28 U.S.C. § 1404(a).

**IV.     Conclusion**

For the foregoing reasons, the court **denies** Motion to Strike Supplemental Motion to Dismiss; **denies** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Failing to State a Cause and Alternatively for Change of Venue; and **denies** Defendant's Supplemental

Motion to Dismiss for Lack of Personal Jurisdiction and for Failing to State a Cause and Alternatively for Change of Venue.

**It is so ordered** this 17th day of July, 2009.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 14**