IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WALLY MARSHALL | § | |
|---|---|---|
| d/b/a MR. CRAPPIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:08-CV-1921-L** |
| v. | § | Consolidated with C.A. 3:09-CV-0233-L |
| | § | |
| **LAWRENCE A. FULTON**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Combined Motion for Modification to Scheduling Order and Leave to Amend Counterclaim, filed September 3, 2010. After carefully considering the motion, response, and reply, the court **grants in part** and **denies in part** Defendant's Combined Motion for Modification to Scheduling Order and Leave to Amend Counterclaim.

Plaintiff Wally Marshall d/b/a Mr. Crappie ("Plaintiff" or "Marshall") filed his Original Complaint and Application for Preliminary Injunction and Permanent Injunction against Defendant Lawrence A. Fulton ("Defendant" or "Fulton") on October 28, 2008. He amended his complaint three times. In the live complaint, Plaintiff's Third Amended Complaint (hereinafter, "Complaint"), Marshall asserts the following claims against Fulton: false designation of origin, declaratory judgment, federal trademark infringement, common law trademark infringement, common law unfair competition, violation of section 16.29 of the Texas Business and Commerce Code, defamation (including libel, slander, and injurious falsehood), and interference with business and contractual relations.

On November 12, 2008, Defendant Fulton filed a civil action against Plaintiff in the District Court in and for Cherokee County, Oklahoma. Fulton asserted the following claims against Marshall: trademark infringement, deceptive trade practices, common law trademark and trade name infringement, and common law unfair competition. Marshall removed that action to the United States District Court for the Eastern District of Oklahoma on December 23, 2008. The case was transferred to this court on February 3, 2009, and the court consolidated the two actions on May 13, 2009. On August 14, 2009, Fulton answered and filed a counterclaim against Marshall. In his counterclaim, Fulton alleges fraud on the Patent and Trademark Office ("PTO") and asks the court to cancel the disputed trademark registration.

Both parties' claims arise from the use of the name "Mr. Crappie" in the sale of fishing products and services. The parties dispute the validity of United States Trademark Registration Number 2,240,622 ("the '622 Registration"), which was issued on April 20, 1999. Plaintiff contends it is valid and protects his use; Defendant argues that it is invalid and should be canceled.

The court entered a scheduling order on February 11, 2010. The parties' deadline to file motions for leave to amend their pleadings was May 12, 2010. The discovery deadline was September 3, 2010. The dispositive motions deadline is September 17, 2010, and the case is set for trial on the court's four-week docket beginning February 7, 2011.

Defendant now asks the court to extend the discovery and dispositive motions deadlines, and he seeks leave to file an amended counterclaim to add two additional claims. He contends that Marshall raised the defense of "mistake of counsel" during his deposition on August 27, 2010. Fulton argues that there is good cause to amend the scheduling order and to grant him leave to add additional claims and that the discovery and dispositive motions should therefore be extended.

Marshall opposes the requested relief; he argues that any delays were caused by Fulton's dilatory conduct, that the amended counterclaims relate to an entirely different trademark registration, and that Fulton knew of these claims before and should have sought leave to amend earlier. He contends that Fulton has failed to establish good cause for modifying the scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

The court has carefully considered the parties' arguments and evidence. It determines that there is good cause to extend the discovery and dispositive deadlines motions but that Fulton has failed to show good cause to amend his counterclaim. The parties greatly dispute the nature of

discovery thus far in this case and upon whom blame for delays should fall.  Marshall argues that Fulton has unnecessarily delayed the proceedings, but he does not explain why Fulton should not have some additional time for discovery in light of new information discovered during his deposition one week before this motion was filed.  Fulton wants to greatly expand his counterclaims and add claims based upon the trademark application with serial number 75/438,336 (the "'336 Application"), but he does not explain why he did not know of these claims before or why he failed to move for leave to amend before the deadline expired.  It is not in dispute that Fulton knew about the '336 Application before this motion was filed; his live pleading, filed August 14, 2009, includes allegations regarding the '336 Application.  He has failed to explain the delay in amending to add more claims based upon the '336 Application.  Finally, the court notes that Fulton is asking for relatively short delays and that, if granted, they need not delay the trial of this action.

Accordingly, the court **grants in part** and **denies in part** Defendant's Combined Motion for Modification to Scheduling Order and Leave to Amend Counterclaim.  Fulton is entitled to additional discovery regarding the "mistake of counsel" defense he contends was raised for the first time during Marshall's deposition on August 27, 2010, and the court will extend the discovery and dispositive motions deadlines to allow it.  Fulton is not entitled to amend his counterclaim and add new claims.  He has failed to explain why he could not have pleaded these claims earlier or why he did not move for leave to amend before the deadline expired.  The court therefore **extends** the discovery deadline from September 3, 2010, until **October 1, 2010**, for the sole purpose of discovery relating to the "mistake of counsel" defense raised by Marshall during his deposition.  The court **extends** the dispositive motions deadline from September 17, 2010, until **October 15, 2010**.  This

order does not affect any other deadline in the Scheduling Order, and *no further extensions will be permitted*.

Finally, the court considers Marshall's request for sanctions against Fulton. The evidence presented by Plaintiff establishes that Defendant did not fully confer with him before filing this motion as required by Local Rule 7.1(a), because he did not raise all the requested relief in that conference. The court will not sanction Fulton; however, he is **admonished** to comply with the Local Rules and the Federal Rules of Civil Procedure. Failure to comply with these rules in the future will lead to sanctions.

**It is so ordered** this 17th day of September, 2010.

Sam A. Lindsay
United States District Judge